UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAMALIER GONZALEZ, Next Friend
of E.G. (a minor child), and
ANNA GONZALEZ,

        Plaintiffs,

Case No. 1:21-cv-488

Hon. Robert J. Jonker

v.

YMCA USA and THE YOUNG MEN'S
CHRISTIAN ASSOCIATION
OF GREATER GRAND RAPIDS,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil action brought by *pro se* plaintiffs Gamalier Gonzalez as next friend of E.G. (minor child) and Anna Gonzalez against YMCA USA and The Young Men's Christian Association of Greater Grand Rapids ("YMCA-GR"). Plaintiffs have filed an amended complaint (ECF No. 8). This matter is now before the Court on motions to dismiss filed by YMCA USA (ECF No. 9)[1] and YMCA-GR (ECF No. 13).

    **I.**    **Discussion**

Plaintiffs' amended complaint involves a claim that defendants failed to accommodate the minor child E.G. at a summer day camp. E.G. has the degenerative disease of Spinal Muscular Atrophy (SMA) Type II. Amend. Compl. at PageID.41.

> E.G. has never been able to walk and utilizes a power wheelchair. He requires help with hygiene and restroom needs, but he can do just about everything else for himself with the help of his wheelchair, including feeding himself when food is in

---

[1] In its motion, YMCA USA clarifies that "The correct name of Defendant is National Council of Young Men's Christian Associations of the United States of America d/b/a YMCA of the USA." *See* YMCA Motion to dismiss at PageID.47, fn. 1).

front of him. SMA does not affect the mind and E.G. is bright, witty, friendly, and outgoing.

*Id*.

In May 2018, Gamalier Gonzalez ("Gamalier") and Anna Lane (now Anna Gonzalez) ("Anna") applied to have 10-year-old E.G. participate in "the day camp program of the Mary Free Bed YMCA (located in Grand Rapids, Michigan)." *Id*. Plaintiffs describe the day camp as "a completely accessible complex without a stair in the building designed in the spirit of Mary Free Bed Rehabilitation, a local hospital and rehab clinic focused on people with disabilities." *Id*. E.G. requires a table or bed in the restroom to pull his pants down and use the restroom. *Id*. After extensive telephone calls and emails with Senior Program Development Director David Leggett "about E.G.'s patient lift/ related bathroom needs and whether they could accommodate this, Mr. Leggett accepted E.G. into the program and assured Ms. Lane that it was not a problem and the YMCA would figure it out." *Id*. Anna tried to contact Mr. Leggett to set up a time to train someone how to help E.G. in the restroom, but he was on vacation the last week of May 2018 and did not return her calls on his return. *Id*.

Gamalier and Anna enrolled E.G. in the program and received email communications confirming enrollment on June 6 and 8, 2018 *Id*. On the first day of camp, June 11, 2018, when Anna showed E.G.'s counselor how to operate the "lift/bathroom bed," they discovered that the lift would not operate safely. *Id*. at PageID.41-42. Anna acknowledged that she "overlooked the detail that there was no space for the lift to slide underneath the bed." *Id*. at PageID.42. Later that day,

> Mr. Leggett told Ms. Lane that there may be an issue with the YMCA's liability when it came to E.G.'s toileting needs. Mr. Leggett stated that he was "unaware that someone actually had to pull E.G.'s pants down" and that they were not allowed to touch any of the children for risk of "being accused of inappropriate touching."

2

*Id*. Mr. Leggett told Anna that he had placed a call to their consultant to determine what they were and were not allowed to do and he was waiting for a call back. *Id*. "Later that day, the consultant decided that they could not accept E.G. in the Day Camp program." *Id*. "Despite advising the family that E.G. would not be able to attend, YMCA agreed to provide care for E.G. for Tuesday, June 12 and Wednesday, June 13, but further care or other options would be decided at an upcoming meeting on Wednesday that included the Gonzalez family and administrative staff." *Id*.

On June 13, 2018, Gamalier and Anna met with District Executive Director Paul Petr, Operations Manager Staci Chambers, and administrative staff member Ashley (last name unknown). *Id*. at PageID.43.

> They informed the Gonzalez family that caring for E.G. would throw off their staff-to-student ratios (even though they had announced at orientation that there were still many openings for more children, implying that they were nowhere close to capacity of their ratios). They further said they would only be able to care for him if [Anna] was able to come to the facility and take him to the bathroom whenever he needed to go.

*Id*. The Gonzalez family said this was not an option, expressed concern about requiring Anna to come to the facility, that it would interfere with Anna's work schedule, and that it would risk E.G.'s safety and dignity if Anna could not arrive in time for him to use the facilities. *Id*. At the end of the meeting when no solution had been reached, Ashley suggested other options for care "that were unrealistic, unaffordable, and did not solve the issue of E.G. being at the YMCA Day Camp." *Id*.

Plaintiffs alleged three counts. In Count I, violation of the Americans with Disabilities Act, 42 U.S.C. § 12182(a) ("ADA"), plaintiffs alleged that the minor child E.G. has a disability and that defendants discriminated against him by failing to provide reasonable accommodations as required by the ADA. *Id*. at PageID.43-44. In Count II, violation of Michigan's Persons with Disabilities Rights Act, M.C.L. § 37.1302 ("PWDRA"), plaintiffs alleged

3

that the minor child E.G. has a disability and that defendants failed to provide reasonable accommodations as required by the PWDRA. *Id*. at PageID.44-45. In Count III, Breach of Contract, plaintiffs alleged that they signed all of the documents to enroll E.G. in the camp, that "defendants abruptly decided on the first day of summer day camp that minor child E.G. would not be allowed to attend due to the nature of the accommodations his disability required," that despite this claim defendants "still provided care with accommodations for the following 2 days," and that the entire Gonzalez family experienced mental and physical symptoms of stress. *Id*. at PageID.45-46. In addition, Gamalier was "forced to give up a promising career and a lucrative summer of work and stay home to be able to care for the needs of his son" and "led to financial strain for the entire family." *Id*. at PageID.46.

Both defendants seek to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). Defendant YMCA USA contends that plaintiffs have failed to plead any substantive causes of action against it. YMCA USA Brief (ECF No. 9, PageID.54). Defendant YMCA-GR contends: that plaintiffs Count I should be dismissed because the statute of limitations had expired and plaintiffs failed to allege a violation of the ADA; that Count II should be dismissed because the statute of limitations had expired and plaintiffs failed to state a claim under the PWDRA; and that Count III should be dismissed because plaintiffs failed to allege facts to state a claim for breach of contract. YMCR-GR Brief (ECF No. 13, PageID.146-156).

However, before considering defendants' defenses raised under Fed. R. Civ. P. 12(b), the Court must address a procedural issue which requires the dismissal of this action without prejudice. Specifically, the claims of the minor child E.G. are not properly before the court.

Plaintiffs' only federal claim is that the minor child E.G. is a disabled person and that defendants failed to accommodate his disability under the ADA. Plaintiff Gamalier filed this

4

*pro se* lawsuit on behalf of E.G. as the minor child's next friend. Nothing in the record indicates that Gamalier is a licensed attorney.[2] "While a litigant has the right to act as his or her own counsel, *see* 28 U.S.C. § 1654, a non-attorney parent is not permitted to represent the interests of his or her minor child." *Lawson v. Edwardsburg Public School*, 751 F. Supp. 1257, 1258 (W.D. Mich.1990).[3] "[P]arents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). *See Cheung v. Youth Orchestra Foundation of Buffalo, Inc.*, 906 F.2d 59, 61 (2nd Cir. 1990) ("it is not in the interests of minors or incompetents that they be represented by non-attorneys"); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir.1986) ("under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney")[4]; *Simmons v. Boys & Girls Club of Greater Kalamazoo*, No. 1:10-cv-51, 2010 WL 3386021 at *1 (W.D. Mich. Aug. 24, 2010) ("Although Plaintiffs are properly acting as the next friends of their child, *see* FED. R. CIV. P. 17(c), they cannot, as non-attorneys, represent the interests of another person, even their own child, in litigation.").

---

[2] In this regard, the Court notes that Gamalier Gonzalez does not appear on the list of attorneys admitted to practice in the Western District of Michigan.

[3] Title 28 U.S.C. § 1654 provides that, "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

[4] Fed. R. Civ. P. 17(c) provides in pertinent part,

"A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action."

Fed. R. Civ. P. 17(c)(2).

In short, Gamalier cannot act as E.G.'s attorney in litigating this matter. Although Gamalier is designated as E.G.'s "next friend," he cannot file an amended complaint for E.G. or file a response to defendants' dispositive motions on behalf of E.G. (both of which he has done, *see* ECF Nos. 8 and 11). This *pro se* case cannot proceed any further until E.G. is properly represented, meaning that E.G.'s parents need to retain an attorney. *See Berrios v. New York City Housing Authority*, 564 F.3d 130, 134 (2d Cir. 2009) (a court may not "make a merits determination of claims filed on behalf of a minor or incompetent person who is not properly represented", which includes the legal determination of whether a complaint is sufficient to state a claim on which relief may be granted).

Accordingly, this *pro se* action should be dismissed without prejudice for lack of proper representation. *See Georgakis v. Illinois State University*, 722 F.3d 1075, 1078 (7th Cir. 2013) (dismissals for lack of proper representation are normally without prejudice "to give the plaintiff a chance to find a lawyer to handle the case").

## II.    RECOMMENDATION

For these reasons, I respectfully recommend that this action be **DISMISSED without prejudice** for lack of proper representation under 28 U.S.C. § 1654 and that defendants' motions to dismiss (ECF Nos. 9 and 13) be **DENIED** as moot.

Dated:  January 26, 2023                                          /s/ Ray Kent
                                                                                  RAY KENT
                                                                                  United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).